FILED

03/29/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

**STATE OF TENNESSEE v. SHAWNA N. HENSON**

**Appeal from the Criminal Court for Campbell County
Nos. 17592, 17593   E. Shayne Sexton, Judge**

_____

**No. E2018-01266-CCA-R3-CD**

_____

The Defendant-Appellant, Shawna N. Henson, was indicted by a Campbell County grand jury for tampering with evidence and possession of drug paraphernalia in Case No. 17592, and for theft over $500 in Case No. 17593. See Tenn. Code Ann. §§ 39-14-103; 39-16-503; 39-17-425. Pursuant to a plea agreement, the Defendant pled guilty to all three charges. The trial court sentenced her as a Range II, multiple offender to an effective term of nine years' imprisonment. On appeal, the Defendant challenges her sentence as inconsistent with the purposes and principles of sentencing under Tennessee Code Annotated sections 40-35-102 and 103. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Corbin H. Payne, Knoxville, Tennessee, for the Appellant, Shawna N. Henson.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jared R. Effler, District Attorney General; and Courtney H. Stanifer, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On March 19, 2018, the Defendant waived her rights to a jury trial and pled guilty to tampering with evidence and possession of drug paraphernalia in Case No. 17592 and to theft over $500 in Case No. 17593. The guilty plea colloquy is not included in the appellate record. However, at the June 18, 2018 sentencing hearing, the State explained the facts supporting the Defendant's guilty pleas as follows:

[The State]: Okay. And your Honor, in Case Number 17,592 - is the attempted tampering with evidence charge. The facts underlying this case was an officer approached the vehicle, [the Defendant] was an occupant of the vehicle, and there was some drug paraphernalia, and she attempted to hide and/or tamper with that evidence.

The facts underlying the second charge, the theft, are more concerning. The facts underlying that case is that there was -- Kristen Leach was a victim of a vehicular homicide some time ago. The victim in this case of [the Defendant] is her 11-year old sister. This theft occurred with the theft of a purse at Kristen Leach's funeral. Your Honor, the --

The Court: Let me make sure -- try to follow you here. While attending Ms. Leach's funeral, the victim in the theft -- the victim in the theft was attending the funeral.

[The State]: Yes.

The Court: And you -- and the proof was that [the Defendant] stole the purse at the funeral?

[The State]: Yes, your Honor. The proof would show that a purse was located in the restroom. Detective John Long was attending the rest -- attending the funeral. Upon his investigative work in using the IPhone -- later on, upon his investigation using the Apple IPhone app, the contents of the purse were located at [the Defendant]'s home. [The Defendant] was in possession of the victim's phone as well as various gift cards, Build A Bear gift cards, things of that nature.

The Defendant's presentence investigation report, four prior felony judgments of conviction, and a parole violation report were admitted as exhibits to the sentencing hearing. The court was advised that the Defendant failed to appear for her presentence investigation interview, that she was on parole at the time she committed the instant offenses, and that she had a history of violating probation and parole.

The victim impact statement was also read into evidence at the hearing, which provided as follows:

This letter is to describe the hurt that you caused on the worse [sic] day of my life. I was 11 years old, and you chose to steal my purse while I was standing up with my family in the church receiving line at the casket of my sister, someone you claim to be friends with. You even went through the line twice just so you could steal it.

You made me feel so violated and taken advantage of on the worse day of my life that I will not ever forget. You then stole what was inside and threw my purse into the toilet. My purse contained something very important to me, my grandfather's dog tags from his time during the Army. I wore them daily and only took them off . . . for my sister's funeral services. These were never recovered. You threw them away like trash. I still cannot understand how someone could take advantage of someone when they are most vulnerable. You took a horrible situation and made it worse. I hope you never do anything like this because no one should ever be taken advantage of or hurt the way you did me.

In sentencing the Defendant, the trial court applied the Defendant's "extensive" criminal history, the vulnerability of the 11-year-old victim, the Defendant's failure to appear for her presentence investigation, and the Defendant's violation of parole as enhancement factors. The trial court also found that the Defendant's criminal conduct neither caused nor threatened serious bodily injury and applied that as a mitigating factor. Finally, the trial court noted that rehabilitation was unlikely as the Defendant "has failed to participate in the [rehabilitation] programs or take advantage of what we have had to offer over the years, so I find that that consideration weighs heavily against her."

The parties agreed that the Defendant was a Range II, multiple offender and faced a sentencing range of four to twelve years. The trial court sentenced the Defendant to six years for the tampering with evidence conviction, three years for the theft over $500 conviction, and eleven months and twenty-nine days for the possession of drug paraphernalia conviction. The trial court ordered the tampering with evidence and possession of drug paraphernalia convictions to run concurrently with each other and consecutively to the theft over $500 conviction, for an effective sentence of nine years' incarceration.

## ANALYSIS

The Defendant presents a general challenge to her sentence and argues that it was inconsistent with the purposes and principles of sentencing under Tennessee Code Annotated sections 40-35-102 and 103. She does not explain how her sentence is inconsistent with sections 40-35-102 and 103, but rather, she asserts that the trial court

improperly relied upon the location of the offense, a funeral, in enhancing her sentence. The State contends, and we agree, that the trial court properly sentenced the Defendant.

We review the length of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Id. at 706. "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008).

A trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in [sections] 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee;

(7) Any statement the defendant wishes to make on the defendant's own behalf about sentencing; and

(8) The result of the validated risk and needs assessment conducted by the department and contained in the presentence report.

Tenn. Code Ann. § 40-35-210(b)(1)-(8). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). The court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which

the sentence is imposed[.]" Tenn. Code Ann. §§ 40-35-103(2), (4). A trial court should consider the following when determining whether an individual should be sentenced to confinement:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1)(A)-(C); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

As relevant to the issue raised herein, in sentencing the Defendant, the trial court stated as follows:

> The State has asked this Court to consider that the victim was particularly vulnerable because of age or physical or mental disability. The – I think it's all agreed that the 11 – that the age was 11. And more compelling is that the setting in which the theft occurred, it was very emotionally vulnerable. Although that's not – that language is not in that particular factor, it does have some bearing, and I'm gonna find that that enhancement factor has been shown.
>
> . . . .
>
> Abided by the terms of probation. Her failure on parole is of – is strong evidence that she would not abide to any release conditions. I don't find she is particularly dangerous in a forceful sense; however, the opportunistic way that the theft occurred – that's troubling under any set of circumstances. How someone would use that forum to take a child's belongings, I find particularly cold. There's something very chilly about that, and that certainly does not weigh in [the Defendant's] favor.

Here, there was no dispute that the Defendant was a Range II, multiple offender, with a sentencing range of four to twelve years. See Tenn. Code Ann. §§ 39-14-103; 39-16-503; 39-17-425; see also Tenn. Code Ann. §§ 40-35-106; 40-35-112(b). Thus, the trial court's effective nine-year sentence is within the statutory range and presumed

reasonable. Contrary to the Defendant's claim, the record shows the trial court noted only that the location of the offense, a funeral, had "some bearing" on the vulnerability of the victim. The trial court did not create and apply a new enhancement factor, as suggested by the Defendant. Moreover, as detailed above, the trial court properly applied several other enhancement factors, including the Defendant's extensive criminal history, the fact that previous efforts at rehabilitation had failed, and the fact that the Defendant committed this offense while on parole. These factors alone more than support the effective nine-year-within-range sentence imposed by the trial court. Accordingly, the Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgments of the trial court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE